**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PHYSICIANS FOR INTEGRITY IN
MEDICAL RESEARCH, INC.,

        Plaintiff-Appellant,

v.

STEPHEN OSTROFF, Commissioner,
Food and Drug Administration,

        Defendant-Appellee.

No.   14-56907

D.C. No.
2:14-cv-00755-JAK-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted October 4, 2016[**]
Pasadena, California

Before:  D.W. NELSON and PAEZ, Circuit Judges, and BUCKLO,[***] District

Judge.

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Physicians for Integrity in Medical Research, Inc. (PIMR) filed this action against the Food and Drug Administration (FDA) alleging that the FDA's refusal to revoke the approval given to the drug roflumilast was arbitrary and capricious under 5 U.S.C. § 706(2)(A). The district court dismissed PIMR's complaint for lack of standing, and PIMR now appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Any alleged injury must have a "causal connection . . . [to] the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, alterations, and ellipses omitted).

Dr. Nilesh Desai, a member of PIMR who filed a declaration in this action, is unable to demonstrate that any of his alleged injuries is "fairly traceable" to the FDA. Because Dr. Desai does not have standing, PIMR also does not have standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 ( 2000) ("An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right.").

2

All of Dr. Desai's claims rely on the independent decisions of actors unrelated to the FDA. With respect to PIMR's claims that Dr. Desai will lose patients and suffer a loss of reputation, even assuming that Dr. Desai has suffered injuries-in-fact, these injuries would arise from the independent decisions made by his patients. Patients who choose to stop seeing Dr. Desai as a result of Dr. Desai's comments regarding roflumilast, or who end up finding him less reputable, are making an independent choice unrelated to the FDA's actions. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1150 (2013) (declining to "endorse standing theories that rest on speculation about the decisions of independent actors").

PIMR's allegation that Dr. Desai suffers injury because he will be uncompensated for the time he spends explaining to patients his beliefs regarding roflumilast fails for the same reason. Whether and how Dr. Desai is compensated depends on insurance carriers', HMOs', Medicaid's, and Medicare's rules regarding reimbursement, not on the FDA.

2.      PIMR's argument that it should be granted standing in this case in order to allow patients to sue the FDA is not supported by caselaw. *See id.* at 1154 ("[T]he assumption that if respondents have no standing to sue, no one would have standing, is not a reason to find standing.") (citation and internal quotation marks omitted).

**AFFIRMED.**